UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                       Chapter 7
In re

LARISA NASANOVA,                                    Case No. 04-26867-ess

                       Debtor.
-------------------------------------------------------------------x
SVETLANA SHCHEDRINSKAYA and
ANATOLIY SHCHEDRINSKIY,

                       Plaintiffs,

    -against-                                      Adv. Pro. No. 05-1068-ess

LARISA NASANOVA,

                       Defendant.
-------------------------------------------------------------------x

## MEMORANDUM DECISION DENYING THE DEBTOR'S MOTION TO DISMISS ADVERSARY PROCEEDING

By motion dated March 4, 2005 (the "Motion" or "Motion to Dismiss"), Larisa Nasonova, the debtor in this Chapter 7 case (the "Debtor") seeks an order pursuant to Rule 12 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012, dismissing this adversary proceeding (the "Adversary Proceeding") brought by Svetlana Shchedrinskaya and Anatoliy Shchedrinskiy (the "Plaintiffs") and for attorneys' fees and costs pursuant to Section 523(d) of the Bankruptcy Code.[1] By Adversary Proceeding Response to Motion

---

[1] The Debtor cites Federal Rules of Civil Procedure 12(c) and 9(b) and argues for dismissal on grounds that the Plaintiffs fail to state a claim upon which relief may be granted and fail to plead fraud with particularity. *See* Notice of Motion to Dismiss; Silver Affirm.; Record of April 15, 2005, Hearing. As the Second Circuit has observed, "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."

to Dismiss dated March 9, 2005, the Plaintiffs, who are not represented by counsel, oppose the Motion. After a hearing held on April 15, 2005, and consideration of the relevant factors, for the reasons stated below, the Motion is denied.

## Jurisdiction

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(I).

## Procedural History

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 2, 2004 (the "Petition Date"). On February 24, 2005, the Plaintiffs, appearing pro se, filed an Adversary Proceeding Complaint dated February 10, 2005 (the "Complaint"), objecting to the dischargeability of a debt owed to the Plaintiffs by the Debtor. On February 25, 2005, the Debtor filed the Debtor's Answer to Complaint Seeking Determination of Nondischargeability (the "Answer") and counterclaim for attorney fees and costs dated February 24, 2005. On March 7, 2005, the Debtor and the Debtor's attorney were served with a copy of a summons and Complaint.

On March 7, 2005, the Plaintiffs filed a Creditor(s) Answer and Counterclaim to Debtor's Answer to Complaint Seeking Determination of Nondischargeability and Counterclaim (the "Plaintiff's Counterclaim") dated March 2, 2005. On March 12, 2005, the Debtor filed a Second Answer to Plaintiff's Counterclaims, dated March 12, 2005.

On March 14, 2005, the Plaintiffs filed an Amended Adversary Proceeding Complaint (the

---

*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

"Amended Complaint") dated March 9, 2005.[2] On March 18, 2005, the Debtor filed an Answer to the Amended Complaint. For purposes of this Motion, the Amended Complaint and Answer to the Amended Complaint are the operative pleadings before the Court.

As noted above, on March 4, 2005, the Debtor filed this Motion to Dismiss and supporting Affirmation of Jacob Silver, attorney for the Debtor dated March 4, 2005 (the "Silver Affirm."). On March 14, 2005, the Plaintiffs filed the Adversary Proceeding Response to the Motion to Dismiss (the "Response"). On March 21, 2005, the Plaintiffs filed an Objection to the Motion (the "Objection"). On April 15, 2005, the Court held a hearing on the Motion and a pre-trial conference in the Adversary Proceeding, at which the Plaintiffs appeared and were heard and the Defendant and her counsel appeared and were heard.

### Background

By this Adversary Proceeding, the Plaintiffs object to the dischargeability of debts owed by the Debtor to each of them in the amount of $5,000, totaling $10,000, under Section 523(a)(2) of the Bankruptcy Code, and to the Debtor's discharge under Section 727(a) of the Bankruptcy Code. Amended Complaint ¶ 2. The Plaintiffs allege that these debts should not be discharged because they arose from false pretenses, a false representation, or actual fraud. *Id*.

The Debtor seeks the dismissal of the Adversary Proceeding under Federal Rule of Civil Procedure 12(c) and Bankruptcy Rule 7012 on grounds that the Amended Complaint fails to state a

---

[2] The Amended Complaint incorporates by reference a Notice of Judgment of the Civil Court of the City of New York - County of Kings (Small Claims/Commercial Claims Part) (the "Civil Court Judgment"), filed by the Plaintiffs in this Adversary Proceeding on February 24, 2005. *See* Amended Complaint ¶ 4; Complaint ¶ 2, Exh. (Civil Court Judgment).

claim upon which relief may be granted, and under Federal Rule of Civil Procedure 9(b) and Bankruptcy Rule 7009(b) on grounds that the Amended Complaint fails to plead fraud with particularity. *See* Silver Affirm. ¶¶ 5, 7, 11.[3] *See also* n.1, *supra*. The Debtor also argues that the Amended Complaint is improper because it is signed by only one of the Plaintiffs, and because the signatory Plaintiff is improperly acting as the legal representative of the other. Silver Affirm. ¶ 4.[4]

In their Response, the Plaintiffs argue that they have requested, but not received, essential information including the transcript of a meeting of creditors pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting") held on January 6, 2005, at the Office of the United States Trustee. Response at 1. The Plaintiffs state that at the 341 Meeting, the Debtor "intentionally and unlawfully deceive[d], conceal[ed], and lie[d] to the U.S. Trustee about the specific evidentiary facts and circumstances of this pending case." Response at 2. The Plaintiffs also argue that the Debtor testified falsely at the "Kings County Small Claims Court on July 3, 2004," about receiving $10,000 from the Plaintiffs in connection with being placed on the waiting list for apartments at the Neptune Avenue building. *Id*. The Plaintiffs further state that the Civil Court Judgment found the Debtor liable to the Plaintiffs in the amount of $10,000. *Id*. *See* Complaint, Exh. (Civil Court Judgment). Finally, the Plaintiffs argue that the Debtor admitted to "deceiving, concealing, and lying to the Trustee about her

---

[3] After the Motion was made, the Plaintiffs filed the Amended Complaint. The Debtor did not amend the Motion, and the Court considers the Debtor's arguments in light of the Plaintiffs' amended pleading.

[4] The Debtor also argues that the Complaint should be dismissed because it states objections to the dischargeability of the debt at issue on the basis of sections of the Bankruptcy Code that are not related to this bankruptcy case, including 11 U.S.C. §§ 1141, 1228(a), and 1328(b). Silver Affirm. ¶ 4. These sections are not cited in the Amended Complaint.

actual taking" of the Plaintiffs' funds in testimony before the Office of the United States Trustee. Response at 2.

In their Objection, the Plaintiffs restate certain of the allegations made in the Amended Complaint and state that the Plaintiffs mutually elected to have Svetlana Shchedrinskaya, who signed the Complaint, act as the pro se representative of both Plaintiffs because of her greater fluency in the English language. Objection ¶ 8. The Plaintiffs also argue that they adequately allege that the Debtor acted with malice, unlawful intent, false pretense, knowledge of wrongdoing, and false representation. Objection ¶ 11. The Plaintiffs further argue that their claims are "legally feasible." Objection ¶ 16. Finally, the Plaintiffs note that they have amended the Complaint, and ask that the Debtor's request for attorneys' fees and costs be denied. Objection ¶¶ 14, 15.

## Discussion

*The Standard on a Motion to Dismiss*

In determining whether the Plaintiffs' Amended Complaint states a claim upon which relief may be granted, this Court must construe the allegations liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "[A] federal court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." *Hoover v. Ronwin*, 466 U.S. 558, 587 (1989). The Second Circuit has described the standard applicable to pleadings drafted by self-represented individuals as follows:

In order to survive dismissal, a plaintiff must assert a cognizable claim and allege facts

5

> that, if true, would support such a claim. In evaluating whether a plaintiff has met these requirements, we hold complaints prepared *pro se* "to less stringent standards than formal pleadings drafted by lawyers."

*Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

In deciding whether the Plaintiffs have satisfied the heightened standard applicable to fraud claims, this Court must apply Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). "The primary purpose of Rule 9(b) is to afford defendant fair notice of the plaintiff's claim and the factual ground upon which it is based." *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990). In considering a motion to dismiss for failure to satisfy the particularity requirements of Rule 9(b):

> [T]he court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Sharp Int'l Corp. v. State St. Bank*, 281 B.R. 506, 512 (Bankr. E.D.N.Y. 2002), *aff'd*, 302 B.R. 760 (E.D.N.Y. 2003), *aff'd*, 403 F.3d 43 (2d Cir. 2005).

### *The Plaintiffs' Allegations*

The Amended Complaint attempts to assert claims that the debt owed by the Debtor to the Plaintiffs is not dischargeable under Section 523(a)(2) of the Bankruptcy Code because it was incurred through "false pretenses, a false representation, or actual fraud," and that the Debtor is not entitled to receive a discharge under Section 727(a) of the Bankruptcy Code for these same reasons and because

of her conduct during her bankruptcy case. 11 U.S.C. §§ 523(a)(2)(A), 727. *See* Amended Complaint ¶ 2.

More specifically, the Plaintiffs allege that in 2002, they each paid $5,000 to the Debtor in order to secure desirable apartments in a sought-after building on Neptune Avenue in Brooklyn, New York. Amended Complaint ¶ 3. The Plaintiffs further allege that they were induced to do so by the Debtor's false representations that she was the "vice president of the tenants association" of the Neptune Avenue building, as well as an affiliate of the Grenadier Realty Corporation. *Id*. The Plaintiffs allege that the Debtor represented that because of these connections, she was able to "'put people on the list'" of prospective tenants and secure apartments for them within a year. *Id*. The Plaintiffs allege that more than a year passed without any progress in obtaining apartments in the Neptune Avenue building, and they demanded the return of their money. *Id*. The Plaintiffs allege that the Debtor refused to return their money and instead demanded additional funds. *Id*.

The Plaintiffs allege that they continued their efforts to collect these funds from the Debtor, and to that end, brought an action in New York City Civil Court. Amended Complaint ¶ 4. They allege that the action was tried on July 13, 2004, and the Debtor appeared, represented by an attorney. *Id*. They further allege that the trial resulted in the Civil Court Judgment, finding the Debtor liable to the Plaintiffs in the amount of $10,000. *Id*. *See* Complaint, Exh. (Civil Court Judgment).

Finally, the Plaintiffs allege:

[T]he Debtor, while being represented by legal counsel, was examined at a Court ordered Meeting of Creditors at the Office of the U.S. Trustee . . . [and] intentionally: lied; made false statements; concealed or otherwise withheld true facts; mislead the Court's Trustee by denying: ever stating she worked for or with, or as an agent of, a realty company, and denied ever receiving money from the co-Creditors.

> Subsequently, the Trustee was apparently able to successfully compel the Debtor to admit to receiving the co-Creditor's $10,000.00 and to not being an any capacity to have afforded them any benefit of real estate that they had depended upon her for.

Amended Complaint ¶ 5.

*The Plaintiffs' Section 523 Claims*

The elements of a claim under Section 523(a)(2)(a) are well-established. They are first, that the debtor made a false representation; second, that the debtor knew the representation was false at the time it was made; third, that the debtor made the false representation with the intent to deceive the creditor; fourth, that the creditor justifiably relied on the representation; and finally, that the creditor sustained a loss that was proximately caused by the false representation. *Chase Manhattan Bank, USA, N.A. v. Giuffrida* (*In re Giuffrida*), 302 B.R. 119, 123 (Bankr. E.D.N.Y. 2003). Exceptions to discharge under Section 523 are construed narrowly and in favor of the debtor, in order to give effect to the Bankruptcy Code's objective of providing "the debtor 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Cazenovia College v. Renshaw* (*In re Renshaw*), 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934)). *See* 4 COLLIER ON BANKRUPTCY ¶ 523.05 (15th ed. rev. 2004).

Here, the Plaintiffs have adequately alleged the elements of a claim to deny the dischargeability of the debt owed to them by the Debtor under Section 523(a)(2)(A), and that where necessary, they have alleged those elements with the particularity required by Rule 9(b). First, the Plaintiffs adequately allege that the Debtor made the false representation that she represented a real estate company and could furnish the Plaintiffs with an apartment within one year. Amended Complaint ¶ 3. Next, the

Plaintiffs adequately allege that the Debtor knew the representations were false at the time they were made because she did not represent a tenants' association or real estate company, or have the ability to procure apartments for the Plaintiffs. Amended Complaint ¶¶ 3, 5. The Plaintiffs also adequately allege that the Debtor made the false representation with the intent of deceiving them because, among other reasons, she did not return the Plaintiffs' funds when asked to do so, or when ordered to do so by the Civil Court Judgment. Amended Complaint ¶¶ 2, 4. Finally, the Plaintiffs adequately allege that they justifiably relied on the representation and sustained a loss that was proximately caused by the false representation by their allegations that they paid the Debtor a total of $10,000, and that they did not receive the promised services, or a refund of their money, in return. Amended Complaint ¶¶ 3, 4, 5.

For these reasons, the Court concludes that the Plaintiffs have stated a claim with the necessary particularity against the Debtor to deny the discharge of the debts owed by the Debtor to them in the amount of $10,000.

### *The Plaintiffs' Section 727 Claims*

Section 727(a)(4)(A) of the Bankruptcy Code provides that the debtor shall receive a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To state a claim for denial of discharge under Section 727(a)(4)(A), a plaintiff must allege that the debtor made a statement under oath; the statement was false; the debtor knew the statement was false; the debtor made the statement with fraudulent intent; and the statement related materially to the bankruptcy case. *Calucci & Legum v. Murray (In re Murray)*, 249 B.R. 223, 228 (E.D.N.Y. 2000). In this inquiry:

Fraudulent intent must be shown by actual, not constructive fraud. The party objecting

> to the discharge must show that the information was omitted for the specific purpose of perpetrating a fraud and not simply because the debtor was careless or failed to fully understand his attorney's instructions.

*Dubrowsky v. Estate of Perlbinder (In re Dubrowsky)*, 244 B.R. 560, 571 (E.D.N.Y. 2000).

Here, the Plaintiffs have adequately alleged the elements of a claim to deny the Debtor's discharge under Section 727(a)(4)(A), and that they have done so with the particularity required by Rule 9(b). First, the Plaintiffs adequately allege that the Debtor's statements denying receipt of $10,000 from the Plaintiffs were made under oath. Amended Complaint ¶ 5 (alleging that statements were made at the 341 Meeting). Next, the Plaintiffs adequately allege that the Debtor's statements were false, and knowingly false when made, by their allegations that the Debtor "lied; made false statements; concealed or otherwise withheld true facts" and subsequently acknowledged receiving $10,000 from the Plaintiffs. *Id*. Further, the Plaintiffs adequately allege that the statements were made with fraudulent intent. *Id*. Finally, the Plaintiffs adequately allege that the statements were made in connection with her bankruptcy case because they relate to the question of the Debtor's assets and claims against her bankruptcy estate. *Id*.

For these reasons, the Court concludes that the Plaintiffs have stated a claim with the necessary particularity against the Debtor to deny her discharge in this bankruptcy case.[5]

---

[5] The Debtor argues that under Section 523(d) of the Bankruptcy Code, she is entitled to an award of costs and a reasonable attorney's fee if the debt that is the subject of this nondischargeability action is eventually discharged. Silver Affirm. ¶¶ 12-17. In deciding this Motion, the Court has determined only that the Plaintiffs have stated a claim for denial of the dischargeability of the debt owed to the Plaintiffs under Section 523(a)(2)(A), and for denial of the Debtor's discharge under Section 727(a)(4)(A). Accordingly, this portion of the Debtor's Motion is denied without prejudice.

## **Conclusion**

For the reasons stated herein, the Motion to Dismiss is denied. An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
       May *16*, 2005

                                       *s/Elizabeth S. Stong*
                                       ELIZABETH S. STONG
                                       UNITED STATES BANKRUPTCY JUDGE